**Paramjit SINGH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney**
**General, Respondent.**

No. 05–77442.

United States Court of Appeals,
Ninth Circuit.

Submitted June 18, 2008.*

Filed July 9, 2008.

George T. Heridis, Sunnyvale, CA, Tsz–Hai Huang, Hardeep Singh Rai, Rai & Associates, PC, San Francisco, CA; for Petitioner.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

William G. Cole, Robert S. Greenspan, DOJ—U.S. Department of Justice, Civil Division/Appellate Staff, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, HAWKINS and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Paramjit Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the IJ's determination that Singh's asylum application was untimely because that finding was based on disputed facts. *See* 8 U.S.C. §§ 1158(a)(2)(B), (3); *see also Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir.2007) (per curiam). We therefore dismiss the petition as to the asylum claim.

With regard to Singh's claim for withholding of removal, substantial evidence supports the IJ's adverse credibility determination based on inconsistent accounts of the circumstances of his arrest that go to the heart of his claim. *See Chebchoub v.*

*INS*, 257 F.3d 1038, 1043 (9th Cir.2001). Thus, Singh's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Singh also failed to show that he qualifies for CAT relief because he presented no evidence beyond his discredited testimony demonstrating it is more likely than not that he would be tortured if returned to India. *See id.* at 1157.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

